Case 1:22-cv-00600-SDG   Document 1-1   Filed 02/11/22   Page 1 of 13

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00151-S5**
1/10/2022 2:32 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

MIKE NELSON
c/o The Fry Law Firm
1720 Peachtree St NW
Suite 500
Atlanta, GA 30309 PLAINTIFF

CIVIL ACTION NUMBER: 22-C-00151-S5

VS.

QuikTrip Corporation,
c/o registered agent, CT Corporation System
289 Culver Street,
Lawrenceville, GA 30046-4805
DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jeffrey G. James, Esq.

The Fry Law Firm
1720 Peachtree Street, NW, Ste 500
Atlanta GA 30309
404-969-1284

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of 10th day of January, 2022 , 20____.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed; make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Exhibit A

Case 1:22-cv-00600-SDG   Document 1-1   Filed 02/11/22   Page 2 of 13

CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-00151-S
1/10/2022 2:32 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MIKE NELSON, | |
| Plaintiff, | CIVIL ACTION FILE NO. 22-C-00151-S5 |
| vs. | (SERVED WITH DISCOVERY) |
| QUIKTRIP CORPORATION and XYZ CORPORATIONS 1 – 3, | |
| Defendants. | (JURY TRIAL DEMANDED) |

## COMPLAINT

COMES NOW, PLAINTIFF MIKE NELSON, in the above-styled action, by and through undersigned counsel, and makes and files this complaint against DEFENDANT QUIKTRIP CORPORATION and XYZ CORPORATIONS 1 – 3, showing this Honorable Court as follows:

## PARTIES, JURISDICTION, & VENUE

1.

Plaintiff Mike Nelson resides at 160 Pine Trail Road, Fayetteville, Georgia 30214, and is subject to the jurisdiction of this court.

2.

Defendant QuikTrip Corporation is a is a for-profit foreign corporation existing under the laws of Oklahoma with its principal place of business in Georgia and may be served through its registered agent, CT Corporation System located at 289 South Culver Street, Lawrenceville, Georgia 30046-4805. Jurisdiction and venue are proper in this court.

3.

Should it be determined that another corporation, entity, or individual owned or was responsible for the premises involved in the August 25, 2020, incident resulting in injuries to Plaintiff at the time of said incident and/or owned, occupied, or otherwise had responsibility for the property located at 1678 Howell Mill Road Northwest in Atlanta, Georgia 30318, where the August 25, 2020 incident occurred, Plaintiff has listed XYZ CORPORATIONS 1 – 3 as defendants in this case.

FACTUAL BACKGROUND

4.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 3 above as if fully restated.

5.

On or about August 25, 2020, Defendant QuikTrip Corporation, hereinafter referred to as "Defendant", was the owner, operator, developer, lessor or lessee of the QuikTrip located at 1678 Howell Mill Road Northwest in Atlanta, Georgia 30318, hereinafter referred to as the "Subject Premises".

6.

On August 25, 2020, Plaintiff was an invitee at the Subject Premises.

7.

On this date, Plaintiff was entering the front of the Subject Premises when he slipped and fell on water located on the floor of the Subject Premises, resulting in serious injuries to Plaintiff.

8.

At all times herein mentioned, Plaintiff was acting in a safe, cautious, and prudent manner. Plaintiff had reason to believe that Defendant would maintain the premises, including the entrance of the QuikTrip, in a safe and prudent manner, or would warn those traversing the premises of the existence and nature of any hazards on the premises.

9.

At the time of the subject incident, there were no warning signs indicating a wet floor near the area where Plaintiff slipped.

## NEGLIGENCE

10.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant was at all times relevant hereto, responsible for maintaining, repairing, and inspecting the Subject Premises and the surrounding areas, including the entrance to the QuikTrip.

12.

More specifically, at the aforesaid time and place, Defendant, as maintainer of Subject Premises, by and through its affiliates, employees and/or agents, breached its duties to Plaintiff and others traversing the Subject Premises by its negligent acts or failures to act in the following ways:

    (a)    creating and/or causing the condition that resulted in the wet floor; and/or

    (b)    failing to inspect and/or failing to adequately inspect, the Subject Premises;

    (c)    failing to make regular, periodic inspections of the Subject Premises when it knew or in the exercise of ordinary care should have known that the said regular periodic

inspections were necessary to prevent injury to others lawfully on said premises; and/or

(d) failing to detect the hazardous condition of the wet floor; and/or

(f) failing to fully remedy in a timely fashion a hazardous condition of which Defendant was aware of, or would have been aware had Defendant carried out inspections on a reasonably frequent and thorough basis, by cleaning the wet floor, or by failing to do so thoroughly, adequately and/or sufficiently; and/or

(g) failing to warn others of the danger presented by the unsafe condition of the wet floor located on the Subject Premises by placing warning signs, blocking off the hazardous area, giving verbal warnings, or taking sufficient remedies to alert persons traversing the premises of the presented hazard; and/or

(h) allowing the aforementioned premises to remain in a dangerous condition of an unreasonable length of time; and/or

(i) being otherwise careless and negligent in the maintenance of the premises.

One, more, or all of said breaches of duty were the sole and proximate cause or causes of Plaintiff's fall on the Subject Premises and the resultant injuries from said fall.

13.

As a direct and proximate result of Defendant's negligent acts and/or omissions, Plaintiff suffered severe injuries, including severe knee injuries.

## RESPONDEAT SUPERIOR

14.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff fell were employed by Defendant and were acting within the scope of their employment.

16.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

17.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

18.

Defendant was negligent in training and supervising its staff.

## DAMAGES

19.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

As a direct and proximate result of Defendant's negligent acts and/or omissions, Plaintiff incurred special damages, including medical expenses. Specifically, Plaintiff has incurred approximately $146,830.06 in medical expenses to date and will supplement as necessary, with the exact amount to be proven at the time of trial.

21.

As a direct and proximate result of Defendant's negligent acts and/or omissions, Plaintiff suffered general damages for pain, suffering, and mental anguish.

WHEREFORE, Plaintiff prays that this Court award the following relief against Defendants:

(A)  That process be issued;

(B)  That reasonable damages be granted to Plaintiff and against Defendant for past, present, and future general and special damages;

(C)  That Plaintiff recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as pursuant to any other applicable statutory or common law basis;

(D)  That all costs of this action be cast against Defendants; and

(E)  Such further relief as the Court deems just and proper.

Respectfully submitted this 10th day of January, 2022.

                                        **THE FRY LAW FIRM**

                                        */s/ Jeffrey G. James, Esq.*

| | |
|---|---|
| The Fry Law Firm | JEFFREY G. JAMES |
| 1720 Peachtree Street, NW | State Bar of Georgia # 860891 |
| Suite 500 | RANDAL E. FRY |
| Atlanta, Georgia 30309 | State Bar of Georgia #278799 |
| (404) 969-1284 | *Attorneys for Plaintiff* |
| (404) 969-1285 fax | |
| *randy@thefrylawfirm.com* | |
| Jeffrey@thefrylawfirm.com | |

Case 1:22-cv-00600-SDG   Document 1-1   Filed 02/11/22   Page 9 of 13

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00151-S5**
**2/10/2022 4:02 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| MIKE NELSON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>QUIKTRIP CORPORATION and XYZ )<br>CORPORATIONS 1-3, )<br>)<br>    Defendants. )<br>) | CIVIL ACTION<br><br>FILE NO. 22-C-00151-S5 |

### DEFENSES AND ANSWER

COMES NOW, Defendant QUIKTRIP CORPORATION, appearing specially and without submitting to the jurisdiction and venue of this Court, and files this its Defenses and Answer to Plaintiff's Complaint for Damages, and shows the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Jurisdiction is improper as to this Defendant.

### THIRD DEFENSE

Venue is improper as to this Defendant.

### FOURTH DEFENSE

### ANSWER

Defendant responds to the allegations of Plaintiff's Complaint as follows:

1.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the averments contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the averments contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendant incorporates by reference its responses to paragraphs 1-3 of Plaintiff's Complaint as if fully set forth herein below.

5.

Defendant denies the averments contained in paragraph 5 of Plaintiff's Complaint, as alleged.

6.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the averments contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the averments contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the averments contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant incorporates by reference its responses to paragraphs 1-9 of Plaintiff's Complaint as if fully set forth herein below.

11.

Defendant denies the averments contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the averments contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the averments contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant incorporates by reference its responses to paragraphs 1-13 of Plaintiff's Complaint as if fully set forth herein below.

15.

Defendant denies the averments contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the averments contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the averments contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the averments contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant incorporates by reference its responses to paragraphs 1-18 of Plaintiff's Complaint as if fully set forth herein below.

20.

Defendant denies the averments contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the averments contained in paragraph 21 of Plaintiff's Complaint.

**FIFTH DEFENSE**

Defendant denies each and every averment contained in the paragraph beginning with the word "WHEREFORE" in the Plaintiff's Complaint. Any allegations or averments contained in Plaintiff's Complaint not specifically responded to above are hereby denied.

WHEREFORE, Defendant QUIKTRIP CORPORATION, having fully answered, demands that it be discharged with all costs cast upon the Plaintiff.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: /s/ Sean L. Hynes
SEAN L. HYNES
Georgia State Bar No. 381698
hynes@downeycleveland.com
Attorneys for QuikTrip Corporation

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

- 5 -

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Jeffrey G. James, Esq.
Randal E. Fry, Esq.
The Fry Law Firm
1720 Peachtree Street, NW
Suite 500
Atlanta, GA 30309

This 10th day of February, 2022.

                                      **DOWNEY & CLEVELAND, LLP**

                                      By:     /s/ Sean L. Hynes
                                             SEAN L. HYNES
                                             Georgia State Bar No. 381698

4818-3705-7299, v. 2